ALAWISURES M. JACKSON
Name and Prisoner/Booking Number

ASPCRR TUCSON RINCON UNIT
Place of Confinement

10.006 S. WILMONT RD /P.O. BOX 24403
Mailing Address

TUCSON, ARIZONA 85734
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

☑ FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 18 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

ALAWISURES MONTA JACKSON,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) UNITED STATES OF AMERICA,
(Full Name of Defendant)

(2) CENTURION et. el,

(3) DOUG DUELY,

(4) MICHAEL GOODFRIED,

Defendant(s).

☑ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-CV-00878-ROS-MTM
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**
JURY TRIAL DEMANDED

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
☐ Other: _____

2. Institution/city where violation occurred: _____

Revised 12/1/20

1

**550/555**

DEFENDANTS CONT.

5. DAVID SHINN
6. JOESPH PROTIRI
7. FRANK STRADA
8. COMPLEX WARDEN PACHECO
9. DANIELLA STEMPLE
10. RONALD BRASHCLAR
11. DR. KAREN LAHR
12. DR. JAMES SANCHEZ
13. JODY SWEET APPLE
14. MS. ANTHONY
15. DEPUTY WARDEN HIGGINSON
16. BRYAN SHIVERS
17. COIII FREELAND

1. A

## B.  DEFENDANTS

1. Name of first Defendant: _United States of America_ . The first Defendant is employed
as: _Over Seer of All States_ at _All Arizona Prisons_ .
<span style="padding-left:2em"></span>(Position and Title) <span style="padding-left:4em"></span>(Institution)

2. Name of second Defendant: _Centurion et. el_ . The second Defendant is employed as:
as: _Adder Medical Vendor_ at _Arizona State Prisons_ .
<span style="padding-left:2em"></span>(Position and Title) <span style="padding-left:4em"></span>(Institution)

3. Name of third Defendant: _Doug Ducey_ . The third Defendant is employed
as: _Arizona State Govenor_ at _All Arizona Prisons_ .
<span style="padding-left:2em"></span>(Position and Title) <span style="padding-left:4em"></span>(Institution)

4. Name of fourth Defendant: _Michael Goddfried_ . The fourth Defendant is employed
as: _Attorney For The State_ at _All State Venues_ .
<span style="padding-left:2em"></span>(Position and Title) <span style="padding-left:4em"></span>(Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☑ Yes  ☐ No

2. If yes, how many lawsuits have you filed? _1_ . Describe the previous lawsuits:

    a.  First prior lawsuit:
    <br>1. Parties: _Alawisures Jackson_ v. _Centurion_
    <br>2. Court and case number: _CV-00475-RCC-PSOT_ .
    <br>3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _Dismissed_
    <br>_____

    b.  Second prior lawsuit:
    <br>1. Parties: _____ v. _____
    <br>2. Court and case number: _____ .
    <br>3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
    <br>_____

    c.  Third prior lawsuit:
    <br>1. Parties: _____ v. _____
    <br>2. Court and case number: _____ .
    <br>3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
    <br>_____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

5. NAME OF FIFTH DEFENDANT: DAVID SHINN. THE FIFTH DEFENDANT IS EMPLOYED AS: DIRECTOR AT ALL ARIZONA STATE PRISONS.

6. NAME OF SIXTH DEFENDANT: JOESPH PROTIRI. THE SIXTH DEFENDANT IS EMPLOYED AS: DEPUTY DIRECTOR AT ARIZONA STATE PRISONS.

7. NAME OF SEVENTH DEFENDANT: FRANK STRADA. THE SEVENTH DEFENDANT IS EMPLOYED AS: DEPUTY DIRECTOR AT ARIZONA STATE PRISON.

8. NAME OF EIGHTH DEFENDANT: COMPLEX WARDEN PACHECO. THE EIGHTH DEFENDANT IS EMPLOYED AS: COMPLEX WARDEN AT ARIZONA STATE PRISON TUCSON.

9. NAME OF NINTH DEFENDANT: DANIELLA STEMPLE. THE NINTH DEFENDANT IS EMPLOYED AS ASSISTANT DEPUTY WARDEN AT ARIZONA STATE PRISON TUCSON WINCHESTER UNIT.

10. NAME OF TENTH DEFENDANT: RONALD BRASHCLER. THE TENTH DEFENDANT IS EMPLOYED AS: ASSISTANT DEPUTY WARDEN AT ARIZONA STATE PRISON TUCSON WHETSTONE UNIT.

11. NAME OF ELEVENTH DEFENDANT: DR. KAREN LAHR. THE ELEVENTH DEFENDANT IS EMPLOYED AS: PSYCHIATRIST AT CENTURION i.e ARIZONA STATE PRISON TUCSON WINCHESTER UNIT.

12. NAME OF TWELFTH DEFENDANT: JAMES SANCHEZ. THE TWELFTH DEFENDANT IS EMPLOYED AS: PSYCHOLOGIST AT CENTURION i.e. ARIZONA STATE PRISON TUCSON RINCON UNIT.

2A

13. NAME OF THIRTEENTH DEFENDANT: Jody Sweetapple. THE THIRTEENTH DEFENDANT IS Employed As: RN AT CENTURION i.e. ARIZONA STATE PRISON TUCSON MANZANITA Unit.

14. NAME OF FOURTEENTH DEFENDANT: Ms. Anthony. THE FOURTEENTH DEFENDANT IS Employed As: RNA AT CENTURION i.e ARIZONA STATE PRISON TUCSON WINCHESTER Unit.

15. NAME OF FIFTEENTH DEFENDANT: Mr. Higginson. THE FIFTEENTH DEFENDANT IS Employed As: DEPUTY WARDEN AT ARIZONA STATE PRISON TUCSON CIMMARON UNIT.

16. NAME OF SIXTEENTH DEFENDANT: BRYAN SHIVERS. THE SIXTEENTH DEFENDANT IS Employed AS: COIII AT ARIZONA STATE PRISON TUCSON CIMMARRON Unit.

17. NAME OF SEVENTEENTH DEFENDANT: COIII FREELAND. THE SEVENTEENTH DEFENDANT IS Employed AS: COIII AT ARIZONA STATE PRISON FLORENCE CENTRAL Unit.

2.B

**D. CAUSE OF ACTION**

**COUNT I**

*PARSON V. RYAN VIOLATION OF HEALTH CARE INJUNCTIVE*

1. State the constitutional or other federal civil right that was violated: *ORDER; 8TH AMENDMENT*
*A) THREAT TO SAFETY WITH DELIBERATE INDIFFERENCE; B) DENIAL OF ADEQUATE MED.*
*CARE. 8TH AND 14TH SUMMARY PUNISHMENT. 1ST AMEND. RETALIATION; HIPPA ACT.SEC. 1177 DICLOUSURE OF HEALTH*

2. **Count I.** Identify the issue Involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: *MAL PRACTICE*
   - ☒ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

*ON MONDAY, JUNE 8TH, 2020 AT 12:23 PM DEFENDANT RONALD BRASCIAR (NOW WARDEN) ACTING UNDER COLOR OF STATE LAW EMAILED DEFENDANT JAMES SANCHEZ REQUESTING THAT SANCHEZ (PSYCHOLOGIST) SPEAK TO THE PLAINTIFF ALANISVCES JACKSON BECAUSE OVER THE PREVIOUS WEEKEND JACKSON WAS INVOLVED IN 4 MEDICAL ICS REGARDING JACKSON HAVING SEVERE STOMACH PAIN THAT REQUIRED HOSPITALIZATION. PLAINTIFF WAS DIAGNOSED WITH SERVERE STOMACH CONSTIPATION, AND ISSUED MAGNIZUM SULFATE AFTER GIVING THE PLAINTIFF INJECTIONS IN HIS ARM WHEN THE INJECTION IS TO BE ISSUED IN THE BUTTOCKS. THE INJECTIONS WERE ISSUED PRIOR TO THE PLAINTIFF BEING DIANOSED. THE MAGNIZUM SULFATE WAS INEFFECTIVE AND RESULTED IN CAUSING JACKSON SO MUCH PAIN TO WAS SO SEVERE JACKSON HAD TO GO TO MEDICAL 4 TIMES OVER THE WEEKEND DUE TO HIS STOMACH PAIN. THE PLAINTIFF WAS SEEN BY THE FOLLOWING CENTURION MEDICAL STAFF TODY SWEETAPPLE WHOM ALSO ADMINISTER THE INJECTIONS, FAILED TO RESPOND TO PLAINTIFFS SERIOUS MEDICAL NEED OF HOSPITALIZATION AND OR ACTUAL PAIN MEDICATION TO STOP HIS STOMACH PAIN AND WERE ORDERED BY THE UNITS PROVIDER DR.W AT WINCHESTER UNIT. EACH CENTURION STAFF REFUSED TO CONTACT THE.*

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
*INITIAL 4-6 DAYS OF SERVERE STOMACH PAIN. PERMENENT INTERNAL UNSPECIFIED STOMACH INTERNAL INJURY. WHEN THE PLAINTIFF USES THE RESTROOM IT ALWAYS HURT AND IS SOMETIME BLOODY. JACKSON EXPERIENCES SPORADIC STOMACH PAIN. SIMULAR TO CAUSED INJURY THAT RUINS HIS QUALITY OF LIFE, PTSD, ANXIETY & DEPRESSION.*

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

HOSPITAL & TRANSPORT JACKSON THERE TO RECEIVE MEDICAL TREATMENT FOR HIS STOMACH WITH DELIBERATE INDIFFERENCE TO JACKSON'S SERIOUS MEDICAL NEEDS KNOWING THE INJECTIONS WERE ADMINISTER TO THE ARM VERSUS THE BUTTOCKS PRIOR TO THE DIANOSIS AND THE MAGNESIUM SULFATE WAS INEFFECTIVE. CENTURION'S STAFF SHOULD HAVE KNOWN OR HAD REASON TO BELIEVE THAT FAILING TO HOSPITALIZE AND OR PROVIDE JACKSON WITH MORE CARE WOULD RESULT IN HARMING JACKSON AND SUBJECTING HIM TO UNNECESSARY PAIN AND INJURY. JACKSON BEGGED SWEETAPPLE, BRASCHLER, SANCHEZ AND CENTURION FOR HELP AND NOTIFIED THEM ALL THAT HE WAS IN SERVERE PAIN AND EACH INDIVIDUAL FAILED TO ACT RESULTING IN WANTON AND UNNECESSARY INFLICTION OF PAIN. JACKSON SUBMITTED A MEDICAL GRIEVANCE REGARDING THIS MATTER AND A NON-MEDICAL GRIEVANCE AS WELL AS NOTIFIED DEFENDANTS - WARDENS DANIELLA STEMPLE, RONALD BRASCHLER, DR. KAREN LAHR, DR. JAMES SANCHEZ, RN JODY SWEETAPPLE, RNA MS. ANTHONY IN PERSON OF HIS SERIOUS MEDICAL NEEDS. JACKSON ALSO INFORMED OF THE CRIPPLING SERVERE PAIN IT WAS CAUSING HIM AND EACH FAILED TO ACT REASONABLY AND SEND JACKSON TO THE HOSPITAL KNOWINGLY. JACKSON ALSO WROTE THE TUCSON COMPLEX WARDEN PACHECO, FRANK STRATA, DAVID SHINN, MICHAEL GODDFRIED, AND DOUG DUCEY INFORMING THEM OF THIS MEDICAL ABUSE AND EACH TURNED BLIND EYES TO THE ABUSE AND FAILED TO CORRECT THE ISSUE. IN ADDITION ALL THE DEFENDANTS

3A

Failed to Respond to the plaintiff's letters.

As a Direct and proximate Result of this Combined Deliberate Indifference Defendants all Violated the plaintiff's 8th and 14th Amendment Right to Receive Adequate/Constitutional Medical Care. By Subjecting Him to Unnecessary Pain and Suffering, These Defendants Also Violated the plaintiff's 8th and 14th Amendment Due Process Right to Be Free of Summary Punishment By Failing To Hospitalize Jackson and or Failing to Give Jackson Adequate pain Medication During the Stomach Issue. By Knowingly leaving the plaintiff in pain For 4 to 6 Days And Repeatedly Refusing to Attempt To Hospitalize Him or Actually Hospitalize Him Resulted In Cruel And Unusual Punishment And An Un-Constitutional/Unlawful Sentence Enhancement On Jackson Without A Hearing And A Court order By Means of Torture And Medical Abuse. The Defen-Dants Also Violated This District Courts Injunctive Order in Parson V. Ryan (Case # unknown) For the State And Its Medical Provider To Stop Abusing Prisoners, Delaying Medical Access, Refusing to Hospitalize Prisoners with Serious Medical needs And Denying Medical Access. In This Case The Defendants Violated This Order Knowingly.

As A Direct And Proximate Result of

3B

THESE DEFENDANTS FAILURE TO PROVIDE AND OR ATTEMPT
TO PROVIDE THE PLAINTIFF WITH ADEQUATE MEDICAL
CARE AND OR ATTEMPT TO ALLOW A DIFFERENT DOCTOR
TO TREAT AND HELP JACKSON. JACKSON INITIALLY SUF-
FERED SEVERE STOMACH PAINS FOR 4 TO 6 DAYS, SERVERE
MENTAL DISTRESS WITHOUT JUSTIFICATION OR PENALOLICAL
NECESSITY AND NOW IS PERMENANTLY INJURIED INSIDE
HIS STOMACH. JACKSON RECEIVES SPORADIC STOMACH
PAINS THAT HURT TO THE POINT JACKSON CANT MOVE
OR WALK. THIS HAS DESTROYED JACKSON'S QUALITY
OF LIFE BECAUSE HE NEVER EXPERIENCE THIS SPECIFIC
STOMACH PAIN / INJURY UNTIL THIS CONSTIPATION
INCIDENT.


-LIABILITY-


A. MUNICIPAL LIABILITY / PRIVATE ENTITY LIABILITY
UNDER DEFICIENT "TRAINING POLICY" AND OR ("CON-
DONED CUSTOMS AND USAGE AS ALTERNATIVE THEORIES
TO ESTABLISH MUNICIPAL LIABILITY -¹ AGAINST;
THE STATE OF ARIZONA, ADCRR, CENTURION.


DEFENDANTS DUELY, GOODFRIED, SHINN, STRATA,
STEMPLE, BRASCHLER, SANCHEZ, LAHR, SWEETAPPLE,
AND ANTHONY ARE LIABLE FOR PLAINTIFF'S INJURY
IN THEIR SUPERVISIONAL EXECUTIVE CAPACITIES.

3c

FOR BEING SUPERVISIONALLY INDIFFERENT TO THE
PLAINTIFF'S SERIOUS MEDICAL NEEDS OF HOSPITALIZATION
AFTER PLAINTIFF NOTIFIED THEM VIA LETTER, GRIEVANCE,
IN PERSON AND IMPLIMATRY THIS ADC/CENTURION
PRISONER ABUSE POLICY BY DENYING THE PLAINTIFF
MEDICAL ACCESS TO A HOSPITAL RESULTING IN UN-
NECESSARY PAIN, SUFFERING AND PERMENANT STOMACH
INJURY, LONG TERM INJURY. DEFENDANTS ALL ARE ALSO
LIABLE FOR HAVING DIRECT INVOLVEMENT IN PLAINTIFFS
DENIAL OF MEDICAL CARE BY COMMITTING ONE OR
MORE OF THE FOLLOWING DELIBERATELY INDIFFERENT
ACTS AND OR OMISSIONS TO ACT, KNOWING IT WOULD
FORSEEABLY RESULT IN HARMING THE PLAINTIFF WITH
DELIBERATE INDIFFERENCE WITHOUT SEEKING ALTERNATIVES
WILLFULLY, RECKLESSLY, WANTONLY AND CALLOUSLY.

A. REFUSING TO PROVIDE AND OR ATTEMPT TO PROVIDE
PLAINTIFF WITH PAIN KILLERS STRONGER THEN IBUPROFEN
600 TO COUNTER PLAINTIFFS PAIN AND INSTEAD ALLOWING
PLAINTIFF TO SUFFER SERVERE STOMACH PAIN FOR AT
LEAST 4-6 CONSECUTIVE DAYS.

B. REFUSING TO ATTEMPT TO OR ACTUALLY TRANSPORT OR
HAVE PLAINTIFF TRANSPORTED TO A HOSPITAL TO CHECK
HIS STOMACH INJURIES TO PREVENT THE PLAINTIFF FROM
SUFFERING THE PAIN OR PERMANANT INJURY.

C. Refusing to Contact a Different Doctor or Nurse
to Check on Plaintiff and Send Him to the
Hospital or Conduct a Secondary Check up.

D. Failing to Act After the Plaintiff Notified
Them of This Abuse and Failing to Correct the
Misconduct or Failing to Attempt to Correct it.

One or More of These Acts and Omissions Are
AZ, ADCRR and Centurions policys to Delay Prisoner
Care Unconstitutionally and Are the Moving
Forces Behind Plaintiff Jacksons Injury/Damages.

Rendering (All) Defendants Liable in All Their
Official Capacities For Using This policy Unconstitut-
ionally on Jackson Resulting in Injury and
Defendants Centurion, ADCRR, and The State
of Arizona Liable (Municipal Private Entity)
For its Employees (All Defendants) Execution of
Company policy Resulting in This Injury.

Defendants #2, #3, #4, #5, #6, #7 policy Making
Committee and #1, #10, #11, #12, and #13, Owners/
Executive/Individual policy Making and Official
Capacities For Promulgatory of the Abusive
Practices and policies and Failing to Correct Them.
Instead Condoning Them Resulting in Jackson's Injury.

3E

ALL DEFENDANTS ARE ALSO INDIVIDUALLY LIABLE FOR JACKSON'S INJURIES FOR PERSONALLY AND CONSCIENCELY DECIDING TO HARM THE PLAINTIFF INSTEAD OF HELPING HIM RESULTING IN INJURY. PLAINTIFF NOW SUFFERS WITH P.T.S.D, ANXIETY, DEPRESSION AND IT EXZER BATES HIS MENTAL HEALTH CONDITIONS DESTROYING HIS QUALITY OF LIFE. NOT 3 DAY PASS TO WHERE PLAINTIFF EXPERIENCES STOMACH PAINS THAT PREVENT HIM FROM MOVING AND ENJOYING LIFE. WHEN PLAINTIFF USES THE RESTROOM SINCE THIS INJURY ITS CAUSES HIM SERVERE PAIN UPON BOWEL MOVEMENT IN HIS STOMACH AREA. THE PLAINTIFF NEVER HAD THESE INJURIES PRIOR TO THIS INCIDENT AND THESE INJURIES STILL EXIST TO THIS PRESENT DAY.

THE DEFENDANTS #1 AS et al al et WHOM ARE RESPONSIBLE FOR MONITORING COMPLAINTS IN THIS AREA AND CORRECTING THEM FAILED TO DO SO WITH DELIBERATE INDIFFERENCE ALTHOUGH THEY HAD THE MEANS TO DO SO IN ALTERNATIVE KNOWING IT WOULD RESULT IN VIOLATING OF THE PLAINTIFF'S RIGHTS AND ALL ARE RESPONSIBLE FOR THE PLAINTIFF'S INJURIES.

3F

<u>REQUEST FOR RELIEF COUNT 1</u>

A.) PLAINTIFF REQUEST ANY AND ALL INCURRED COST AND
FEES TO BE COVERED (PAID FOR) BY THE DEFENDANTS
IN ADDITION TO ANY MONETARY RELIEF AWARDED TO
THE PLAINTIFF JACKSON UPON SETTLEMENT OR TRIAL
VERDICT INCLUDING BUT NOT LIMITED TO LAWYER FEES.

B.) PLAINTIFF JACKSON REQUEST FROM CENTURION et al
10 MILLION DOLLARS FOR MENTAL ANGUISH & EMOTIONAL
DISTRESS.

plus    10 MILLION DOLLARS FOR MENTAL PAIN AND SUFFERING
plus    10 MILLION DOLLARS FOR PHYSICAL PAIN AND SUFFERING
plus    10 MILLION DOLLARS FOR PLAINTIFFS ACTUAL INCURRED INJURIES
plus    2.5 MILLION DOLLARS FOR PLAINTIFFS INCURRED LOSS OF QUALITY
        OF LIFE
plus    50 MILLION DOLLARS FOR ITS EMPLOYEES UNLAWFUL CREATION
        AND OR USAGE OF PRISONERS ABUSE POLICY = MOVING
        FORCE BEHIND PLAINTIFFS INJURIES IN COUNT 1
plus    30 MILLION DOLLARS FOR PUNITIVE DAMAGES
plus    10 MILLION DOLLARS FOR EXEMPLARY DAMAGES
plus    10 MILLION DOLLARS FOR A COMBO OF COMPENSATORY
        DAMAGES AND FUTURE AND UNFORSEEN 1. INJURY
        2. SUFFERING 3. DAMAGES 4. HARDSHIPS 5. COST 6. LOSSES
        7. COMPENSATION 8. ANY RELIEF COURT DEEMS NECESSARY

TOTALING $192,500,000.00 (ONE HUNDRED NINETY TWO
MILLION, FIVE HUNDRED THOUSAND DOLLARS) FOR

3G

<u>REQUEST FOR RELIEF COUNT I CONT.</u>

PRIVATE ENTITY LIABILITY AGAINST DEFENDANT CENTURION
FOR PRIVATE EMPLOYEES / DEFENDANTS #10, #11, #12 AND
#13 FOR UNCONSTITUTIONAL ACTS AND OMISSIONS AND
ENDOCUMENTATION AND CREATION OF CENTURION POLICY
OF PRISONER ABUSE VIA MEDICAL ABUSE OF AUTHORITY /
DENYING PRISONERS MEDICAL ACCESS TO HOSPITALS RE
SERIOUS MEDICAL NEEDS AND THEIR USAGE RESULTING
IN PLAINTIFF'S INJURIES (PUNITIVE DAMAGES) AND
ACTUAL INJURIES AND MOVING FORCE BEHIND THE
PLAINTIFF'S INJURIES.

C.) PLAINTIFF JACKSON CONSECUTIVELY REQUEST THE FOLLOW-
ING MONETARY RELIEF FROM DEFENDANTS DUECY, SHINN,
GODDFRIED, STRATA, STEMPLE, BRASCHLER, LAHR, SANCHEZ,
SWEETAPPLE, AND ANTHONY SEPERATELY IN THEIR
EXECUTIVE CAPACITIES, SUPERVISIONAL CAPACITIES, OFFICIAL
CAPACITIES, INDIVIDUAL CAPACITIES AND POLICY MAKING
CAPACITIES:

$20 MILLION DOLLARS FOR MENTAL ANGUISH & EMOTIONAL DISTRESS
$20 MILLION DOLLARS FOR MENTAL PAIN AND SUFFERING
$20 MILLION DOLLARS FOR PHYSICAL PAIN AND SUFFERING
$15 MILLION DOLLARS FOR PLAINTIFF'S ACTUAL INCURRED INJURIES
$10 MILLION DOLLARS FOR PLAINTIFFS INCURRED LOSS OF QUALITY
OF LIFE
$50 MILLION DOLLARS FOR EACH DEFENDANTS UNLAWFUL CREATION
OR USAGE OF THE PRISONER ABUSE (AZ / ADCRR / CENTURION )
3#

REQUEST FOR RELIEF COUNT 1 CONT.

POLICY RESULTING IN MOVING FORCE BEHIND PLAINTIFF'S
INJURIES

$50 MILLION DOLLARS FOR EACH DEFENDANT'S COMISSION
OF THIS COUNT 1 RESULTING IN PLAINTIFF'S INJURIES

$60 MILLION DOLLARS FOR PUNITIVE DAMAGES

$30 MILLION DOLLARS FOR EXEMPLARY DAMAGES

$10 MILLION DOLLARS FOR COMPENSATORY DAMAGES AND
COMBINED FUTURE AND UNFORSEEN 1) LOSSES 2) COST
3) HARDSHIPS 4) DAMAGES 5) INCURRED SUFFERING 6)
INJURIES 7) ANY AND ALL RELIEF THE COURT DEEMS NECE-
SSARY

TOTALING $285,000,000.00 (TWO HUNDRED AND EIGHTY
FIVE MILLION DOLLARS) PER DEFENDANT PER THESE CAPAC-
ITIES

• EXECUTIVE CAPACITY LIABILITY ($285,000,000.00) FROM
DEFENDANTS DUECY, GODDFRIED, CENTURION, UNKNOWN
CENTURION CEO, PLUS

• SUPERVISIONAL CAPACITY LIABILITY ($285,000,000.00)
FROM DEFENDANTS; POLICY MAKERS CENTURION, CEO CENT-
URION, DUECY, GODDFRIED, SHINN, AND STRATA, PLUS

• OFFICIAL CAPACITY LIABILITY (ALL DEFENDANTS)
($285,000,000.00) PLUS

• INDIVIDUAL CAPACITY LIABILITY (285,000,000.00) ALL

3I

REQUEST FOR RELIEF COUNT 1 CONT.

DEFENDANTS IN THEIR MANY OFFICIAL & INDIVIDUAL CAPACITIES
WHERE THEY QUALIFY.
GRAND TOTALING = 285 (TWO HUNDRED EIGHTY FIVE MILLON
                      MULTIPLIED ALL CAPACITIES CONSECUTIVELY

285 MIL x 5 = $1,425,000,000 FROM DUCEY, DOUG (GOVENOR)
285 MIL x 5 = $1,425,000,000 FROM GODFRIED, MICHAEL (LT. ADA)
285 MIL x 4 = $1,140,000,000 FROM SHINN, DAVID (ADCRR DIRECTOR)
285 MIL x 4 = $1,140,000,000 FROM STRATA, FRANK (LT ADCRR DIRECTOR)
285 MIL x 3 = $855,000,000 FROM STEMPLE, DANIELLA (WARDEN)
285 MIL x 3 = $855,000,000 FROM BRASCHLER, RONALD (WARDEN)
285 MIL x 3 = $855,000,000 FROM LAHR, KAREN DR. (CENTURION)
285 MIL x 3 = $855,000,000 FROM SANCHEZ, JAMES DR. (CENTURION)
285 MIL x 3 = $855,000,000 FROM SWEETAPPLE, JODY RN (CENTURION)
285 MIL x 3 = $855,000,000 FROM ANTHONY, RNA (CENTURION)
285 MIL x 5 = $1,425,000,000 FROM NAME UNKNOWN (CEO CENTURION)
285 MIL x 4 = $1,140,000,000 FROM CENTURION POLICY COMMITTEE
285 MIL x 4 = $1,140,000,000 FROM CENTURION DIRECTOR OF OPERATIONS
285 MIL x 3 = $855,000,000 FROM UNKNOWN TUCSON HEAD NURSES
AND SUPERVISORS
PLEASE NOTE PLAINTIFF SUES EACH DEFENDANT SEPERATELY
AND CONSECUTIVELY PER CAPACITY;
• EXECUTIVE CAPACITY
• SUPERVISIONAL CAPACITY
• POLICY MAKING CAPACITY
• INDIVIDUAL CAPACITY
• OFFICIAL CAPACITY
IN WHICH THEY QUALIFY. THE MATH IS MULTIPLIED TO
285 MILLION i.g DUCEY QUALIFIES FOR ALL 5 CAPACITIES.
3.T

=5 CAPACITY REQUESTED RELIEF CONSECUTIVELY MULT-
IPLIED BY 285 MILLION DOLLARS (5 x 285, 000, 000 =
1,425,000,000) = ONE BILLION 425 MILLION DOLLARS
TOTAL.

    THESE REQUEST ARE AGGRAVATED BECAUSE OF THE
SEVERITY OF THIS INCIDENT AND DEFENDANTS REPEATED
ABUSES OF PRISONERS PRIOR TO JACKSON AS WELL AS
JACKSON'S ABUSE SET AN EXAMPLE OUT OF THE DEFEN-
DANT'S AND PROMT THEM TO CORRECT THE SYSTEMIC ISSUE
RESULTING IN PLAINTIFF'S INJURY, AND BECAUSE ADCRR AND
CENTURION ARE BILLION DOLLAR COMPANIES AND WILL ONLY
STOP WHEN PLAINTIFFS DEMAND THESE DOLLAR AMOUNTS.

3K

**COUNT II**

1. State the constitutional or other federal civil right that was violated: 4TH 8TH 13TH 14TH AMENDMENTS
THROUGH HATE CRIMES ACT- SUMMARY PUNISHMENT

2. **Count II.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: CONSPIRACY TO VIOLATE PLAINTIFFS

RIGHTS THROUGH ADCRR FUND RAISER PLATFORM AND PROCEDURES.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

ENFUTHERANCE OF ADCRR CONSPIRACY TO ABUSE PRISONERS ACTING UNDER COLOR OF LAW
OUTSIDE ITS SCOPE.... BETWEEN AUGUST 2021 TO PRESENT DATE JULY 2022 DEFENDANTS
ADCRR et al et, ADCRR; COMPLEX WARDEN PACHECO, ADCRR DEPUTY WARDEN HIGGINSON,
ADCRR CO III BRYAN SHIVERS AND USA; AZ; ADCRR DIRECTOR DAVID SHINN AND ADCRR
CO III FREE LAND VIOLATED PLAINTIFFS 8TH AND 14TH AMENDMENT RIGHTS TO BE FREE
OF SUMMARY CRUEL AND UNUSUAL PUNISHMENT ACTING IN THEIR MUNICIPAL CAPACITIES
THROUGH ITS AGENTS/BODY, HAS BEEN PRACTING PRISONER ABUSE IN GENERAL FOR SO LONG
THAT IT CAN BE DEEMED AN OFFICIAL SEC. 1983 ADOPTED POLICY. THIS POLICY IS DESCRIBED
IN ALL COUNTS OF THIS LAWSUIT AND IS CONDONED AND NOT CORRECTED WITH DELIBERATE
INDIFFERENCE TO AZ AND ADCRR'S OFFICIALS DEPLOYED WITH DUTYS OF CORRECTING
SUCH HAZARDOUS COMPANY PRACTICES SUCH AS OFFICIAL AZ, ADCRR AND LEGAL CEASON
AZ, STATE AGENCIES, POLICY MAKERS AND EXECUTIVES HAVE FAILED TO CORRECT PRISONER
ABUSE AND INSTEAD FACILITATE IT VIA TATIC ENCOURAGEMENT WITH DELIBERATE INDIFF-
ERENCE TO THE FORESEEN ABILITIES OF FAILING TO CURE IT WOULD OBVIOUSLY RESULT IN
GUIDING AZ, ADCRR et al AGENTS TO HARM PRISONERS AND WITH DELIBERATE INDIFFERENCE
TO THE FACT THAT ABUSING A PRISONER WOULD MOST LIKELY BE UNCONSTITUTIONAL AND
UNLAWFUL AND IF NOT CORRECTING IT WOULD RENDER THE POLICY UNCONSTITUTIONAL
EVEN UPON THIS NOTICE AZ, ADCRR et al FAILED TO ACT AND FAILED TO IN ALTERNATIVE.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
PROPERTY LOSS, MONEY (155.85) LOSS, LOSS OF QUALITY OF LIFE, HIGH BLOOD PRESSURE, PTSD,
ANXIETY, DEPRESSION, CHEST PAIN ATTACK, MIGRAINE HEAD: EYE ACHE, TINGLING HANDS
AND FEET.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

CURE THE STATE WIDE ISSUE OF PRISONER ABUSE. BY FAILING TO
CORRECT IT, ALLOWS ANY AZ, ADORR© AGENTS MEANS TO VIOLATE
PRISONER RIGHTS IN VARIOUS FORMS. LIKE HERE, DEFENDANTS
AZ, ADORR et.al© HAS CREATED A POLICY AND OR PROGRAM AND
FUNDRAISERS APPLICATION THAT BLACKMAILS PRISONERS INTO
AGREEING TO UNCONSTITUTIONAL, AND INHUMANE SLAVEESK
TERMS THAT PROVIDE ADORR et.al MEANS TO VIOLATE PRISONERS
PROPERTY RIGHTS AND TO STEAL AND EMBEZZEL PRISONER'S
MONEY THREW ITS FUNDRAISERS PROGRAM(S). THIS POLICY
AND PRACTICE IS UNCONSTITUTIONAL IN ITS EXPRESS BECAUSE
DEFENDANTS AZ, ADORR et.al© FORCES ALL PRISONERS INTO UN-
CONSTITUTIONAL CONTRACT; 1) IF A PRISONER MOVED AND OR
2) GETS IN TROUBLE BEFORE THE ORDER ARRIVES THEY FORFIET
ALL FUNDRAISER GOODS THEY PURCHASED WITH THEIR OWN
MONEY. ABOUT ONCE A MONTH OR QUARTERLY ADORR et.al
UNITS CONDUCT VARIOUS FUNDRAISERS. THE PURPOSE IS TO RAISE
MONEY FOR THE NEEDY AND IN RETURN ALLOW THE PRISONERS
INCENTIVES TO BE GOOD AND ALLOW THEM TO ORDER PRODUCTS
FROM MCDONALDS, COSTCO OR SAMS CLUB ETC. ETC. IN THIS CASE
PLAINTIFF JACKSON ORDERED $205.08 ON CIMMARON UNIT'S
PACK TO SCHOOL FUNDRAISER. THESE FUNDRAISERS CHARGE
DOUBLE TO 115% INTREST ON GOODS AND THATS TO PAY
FOR THE PRODUCTS, DONATE SOME OF THE REMAINDER
AND FOR ADORR TO RECEIVE KICKBACKS. PLAINTIFF JACKSON
DIDNT GET IN ANY TROUBLE AND WAS ADMINISTRATIVELY
MOVED FROM CIMMARON UNIT TO CENTRAL UNIT BE-
TWEEN AUG 2021 AND SEPT. 2021 BEFORE HE RECEIVED HIS

4 A

FUNDRAISER GOODS. PLAINTIFF JACKSON COMPLAINED AND HAD ADCRR et.al CENTRAL UNIT'S COIII FREELAND, AND WARDEN A. SANCHEZ CONTACT COIII BRYAN SHIVERS AT CIMMARON AS WELL AS COMPLEX WARDEN PACHECO AND CIMMARON WARDEN HIGGINSON, BECAUSE JACKSON WANTED HIS PURCHASED PROPERTY THAT WAS NEVER RE-ROUTED DUE TO THE MISAPPLICATION OF THIS PROCEDURE. ADCRR et.al © CANT DICTATE POLICY OF OPPRESSION SUCH AS THIS. THEY CANT KEEP PRISONERS PURCHASED ITEMS AFTER THEY (PRISONERS) PAID FOR IT. JACKSON BROUGHT THIS ISSUE UP DEMANDING A 100% REFUND OR TO HAVE CIMMARON'S UNIT AGENTS FORWARD HIM HIS PURCHASED ITEMS. AT FIRST THEY REFUSED. SO JACKSON SUBMITTED AN INFORMAL COMPLAINT AND LATER, A GRIEVANCE TO COIII FREELAND AND A. SANCHEZ (WARDEN) WHOM CONTACTED CIMMARON'S COIII SHIVERS AND WARDEN HIGGINSON. UPON RECEPTION OF THE COMPLAINT DEFENDANTS ADCRR et.al, SHIVERS AND HIGGINSON ONLY GAVE PLAINTIFF JACKSON A REFUND OF $49.99 OUT OF $205.08 LEAVING $155.09 OF THE SUM NOT PAID/REFUNDED. THIS IS UNCONSTITUTIONAL BECAUSE ADCRR FORWARDS SECURE PAKS, COMMISSARY AND PROPERTY TO INMATES WHO MOVED AS WELL AS STORING PRODUCTS FOR TROUBLESOME INMATES BUT REFUSE TO DO SO DURING FUNDRAISERS. NO HUMAN BEING SHOULD BE OPPRESSED/ PENALIZED FOR BEING MOVED OFF A UNIT AFTER ORDERING A FUNDRAISER WHERE GOODS COST DOUBLE ITS VALUE. THIS ENTIRE CONCEPT IS WRONG AND AN ABUSE OF AUTHORITY,

4B

AND A MISAPPLICATION OF CONTRACT LAW AND OR LAW
BECAUSE ITS WRONG TO OPPRESS PRISONERS AND TO PROFIT
DOUBLE UPON SEIZURE BY RE-SALE TO OTHER PRISONERS.
THIS IS THEFT, EMBEZZLEMENT, FALSE ADVERTISING, FACILI-
TATION, AND BLACKMAIL. IT IS ALSO A BADGE OF SLAVERY,
ILLEGAL SEIZURE OF PROPERTY AND TRAFFICKING STOLEN
PROPERTY. NO CONTRACT THATS MENT TO ENFUTHER
UNCONSTITUTIONAL/ILLEGAL BUSINESS CAN BE VALID.
PLAINTIFF JACKSON HAS APPEALED THIS THEFT ALL THE WAY
TO DEFENDANT ADCRR et.al DAVID SHINN WHOM ALSO REFUSED
TO ISSUE THE PLAINTIFF THE REMAINING $155.09. THEREFORE,
THIS IS A CONTINOUS VIOLATION OF JACKSON'S RIGHTS AND
DEPRAVATION OF HIS 4TH, 8TH, 13TH, AND 14TH AMENDMENT
RIGHTS. AS A DIRECT AND PROXIMATE RESULT OF THIS COMMI-
ISSION OF THIS COUNT THE PLAINTIFF RECEIVED ONE OR MORE
OF THE FOLLOWING INJURIES:
1.) LOSS OF PROPERTY (FUNDRAISER GOODS PURCHASED FOR $205.08)
2.) LOSS OF MONEY $155.09
3.) INCURRED ACTUAL INJURY CHEST PAIN ATTACKS, HIGH BLOOD
PRESSURE, ANXIETY INDUCED INJURIES, HEADACHES, EYE ACHES,
TINGLING IN HANDS AND TOES INDUCING EXTREME PAIN.
4.) PTSD
5.) ANXIETY
6.) DEPRESSION
7.) LOSS OF QUALITY OF LIFE
8.) SENSE OF HOPELESSNESS AND ENSLAVED
9.) MENTAL ANGUISH

4C

10.) EMOTIONAL DISTRESS

11.) MENTAL PAIN AND SUFFERING

12.) PHYSICAL PAIN AND SUFFERING.

ADCRR et.al© CREATION OF THIS PRISONER ABUSE POLICY AND
ADOPTION IS THE MOVING FORCE GUIDING AZ, ADCRR et.al
TO CREATE THIS INHUMANE FUNDRAISER/POLICY, ADCRR
EMBEZZLEMENT FUNDING PLATFORM WAS BOTH MOVING FORCES
BEHIND JACKSON INJURIES IMPOSED UNCONSTITUTIONALLY BY
DEFENDANT ADCRR et.al. RENDERING AZ, ADCRR et.al LIABLE
AS THE MUNICIPALITY FOR ITS POLICY BEING UNCONSTITUTION-
AL IN THEIR EXPRESS AND AZ, ADCRR et.al© AGENTS RESPONSIBLE
FOR CORRECTIONS FAILING TO CORRECT WITH DELIBERATE IN-
DIFFERENCE KNOWING IT WOULD HARM AND OPRESS ALL
PRISONERS WHEN THEY GET MOVED STATE WIDE BEFORE
RECEIVING THEIR PURCHASED ITEMS AND VIOLATE THE RIGHTS
OF ALL PRISONERS WITH THE PROCEDURE UTILIZED BY ADCRR
et.al.


PLAINTIFF JACKSON PRAYS FOR THE FOLLOWING RELIEF:
RELIEF FOR COUNT 2

1.) INJUNCTIVE RELIEF RESTRICTING ADCRR et.al FROM
FORCING PRISONERS TO FORFIET THEIR PROPERTY (FUND-
RAISERS) REGARDLESS IF THE PRISONER IS RELOCATED AND/OR
FORWARD IT TO THE PRISONER OR REFUND THE PRISONERS
MONEY 100%

2.) $50,000 FOR MUNICIPAL LIABILITY

• $155.09 BE REFUNDED TO PLAINTIFFS INMATE TRUST

4D

ACCOUNT PLUS DOUBLE DAMAGES = $310.18 FROM ADCRR et.al
• $20,000.00 FOR ALL INCURRED INJURIES
• $10,000.00 FOR ANY AND ALL RELIEF THE COURT DEEMS NECESSARY
TOTALING $80,310.18 (EIGHTY THOUSAND THREE HUNDRED
EIGHTEEN DOLLARS AND EIGHTEEN CENTS.

$10,000.00 EACH FROM DEFENDANTS # 8 (PACHECO), #15 (HIG-
GINSON), #16 (SHIVERS), #5 (SHINN), AND #16 (FREELAND)
IN ALL 4 CAPACITIES
        TOTAL = $2,000 PER CAPACITY: OFFICIAL, INDIVIDUAL,
PRIVATE AND PERSONAL
            = $8,000 X DEFENDANTS 4 CAPACITIES
            (TOTALING $2,000.00 PER CAPACITY) = $8,000

        GRAND TOTALING $8,000.00 X 2 = $16,000
    EACH DEFENDANT AND CONSECUTIVELY FOR ANY AND ALL
    RELIEF AND DAMAGES COURT DEEMS NECESSARY.

4E

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

WILL THE COURT PLEASE REFER TO PAGES 3G, 3H, 3I, 3J AND 3K FOR RELIEF
SOUGHT FOR COUNT ONE. IN ADDITION, WILL THE COURT PLEASE REFER TO 4D, AND
4E FOR RELIEF SOUGHT FOR COUNT TWO. THE PLAINTIFF REQUEST AN AMOUNT
THE EXCEEDS $70,000 (SEVENTY THOUSANDS) FOR EACH COUNT

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07-08-2022
                   DATE

                                                    SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.